Howard Drake **MOYE** et al.,
Complainants,

v.

Doyle E. **CONNER** etc., Defendant.

Civ. A. No. 1735.

United States District Court,
N. D. Florida.

Aug. 10, 1971.

J. Klein Wigginton, and Charles D. McClure, Tallahassee, Fla., and Davis & Browning, Madison, Fla., for complainants.

Dan Rudser, and Jack Shoemaker, Dept. of Agriculture, Tallahassee, Fla., for defendant.

## ORDER GRANTING TEMPORARY RESTRAINING ORDER

MIDDLEBROOKS, District Judge.

This cause came on to be heard upon complainants' complaint seeking a temporary restraining order and other injunctive relief and for a permanent injunction upon final adjudication hereof; and the file reflecting service of the complaint and a notice of hearing having been made on the defendant on August 6, 1971, and counsel for the respective parties being present. The complainants, two North Carolina tobacco growers and nine Florida tobacco warehousemen representing six Florida tobacco warehouses seek a temporary restraining order and other injunctive relief against the defendant as Florida Commissioner of Agriculture, to restrain enforcement of the Emergency Rule Section 5H–0.45 promulgated by the defendant which would at Florida tobacco warehouses as market for tobacco (1) restrict the sales opportunity for "out-of-belt" tobacco, which the evidence shows to be tobacco grown in Virginia, North Carolina and South Carolina, to eight percent (8%) of a total daily sales opportunity on selling time afforded to the warehouse markets under the market schedule allocated by the industrywide flue-cured tobacco committee and (2) enforce such restrictions by revocation of the license of any warehouseman violating such quota re-

striction as well as making the warehouseman subject to criminal penalties.

Defendant alleges lack of jurisdiction of this Court in that no three-judge court has been convened subject to Title 28, United States Code, Section 2281 and contends that the regulation is a reasonable regulation by the state of interstate commerce.

The Court has examined the complaint and has heard the witnesses of the complainants, to-wit: L. B. Johnson, Edwin Freeman and Norman Swain in support of the complaint as well as the witnesses offered by the defendant in support of defendant's position that the regulation in question is a reasonable and not undue burden on interstate commerce.

## FINDINGS OF FACT

1. Complainants have standing to bring this suit and the Court has jurisdiction of the parties.

2. Inasmuch as it clearly ,appears that there are others situated similarly to complainants, leave is granted to amend this action to allege it is brought by complainants as representatives of a class, to pray for class relief and the ruling herein granted will be on such basis.

3. The Court has jurisdiction of the subject matter and finds that the matter at issue involves the annual exclusion of several million pounds of out-of-state tobacco from Florida's tobacco markets.

4. The Rule promulgated by the defendant was effective on July 30, 1971, and received by these complainants who testified, on Monday, August 2, 1971, the day prior to the opening of the Florida tobacco auction market on August 3, 1971.

5. The complaint was filed on August 5, 1971, and served upon the defendant on the same date. It was brought diligently and with all reasonable promptness following the promulgation of the regulation in question.

6. The Florida tobacco markets have been in progress at auction for one week with some twelve (12) days remaining other than the five-day cleanup sale to be held at the end of the Florida market season. By the enforcement of the defendant's Emergency Rule there will be a drastically limited amount of sales opportunity available at those markets and once they are closed there will be little opportunity for the sale of tobacco this year in Florida's tobacco markets.

7. Out-of-state growers already have tobacco in transit to Florida markets and in the Florida tobacco auction markets awaiting sale with the refusal of that sales opportunity to them entailing substantial damage as it will to Florida warehousemen who historically have relied upon the sale of out-of-belt tobacco, particularly in view of the extremely short notice to them of the promulgation of the regulation in question.

8. The effect of the regulation involved is to impose an immediate, direct and severe burden on interstate commerce by foreclosing Florida's tobacco markets to out-of-state tobacco growers traditionally served by these markets for a volume of about three and one-half to four million pounds of tobacco worth in commissions alone to the warehousemen some $100,000.

9. The said regulations are based upon an arbitrary quota recommended by a committee of private persons—the 36-man inter-belt marketing committee, without governmental authority but implemented and given the sanctions of this state by the regulation in question.

10. There has been no showing by the defendant for the necessity for the Emergency Rule or that it is necessary for the immediate preservation of the public health, peace, and safety or general welfare of the people of the State of Florida.

## CONCLUSIONS OF LAW

▮ The regulation involved constitutes a direct, substantial and undue burden on interstate commerce in violation of the Commerce Clause of the United States Constitution and injunctive relief is required. In view of the defend-

ant's contention that this matter is one which appropriately should be conducted by a three-judge court pursuant to Title 28, United States Code, Section 2281, the relief herein granted will be by temporary restraining order only pursuant to Title 28, United States Code, Section 2284(3), which said order will be in effect until a three-judge district court is convened or as otherwise provided by the Federal Rules of Civil Procedure.

This restraining order applies to the Emergency Rule promulgated by the defendant shown as Section 5H–0.45, and said order shall remain in effect pending further order of this Court.

Since defendant as Commissioner of Agriculture will suffer no costs or damages by being wrongfully enjoined, if it should be so determined, no security shall be required of complainants. It is, therefore

Ordered that defendant be and he is hereby enjoined from enforcing the Emergency Rule, Section 5H–0.45, pending further order of this Court.